UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

MALCOLM L. WILLIS ]
    Plaintiff, ]
]
v. ] No. 1:06-0012
] JUDGE HAYNES
LAWRENCE COUNTY, ET AL. ]
    Defendants. ]

MEMORANDUM

The Plaintiff, proceeding *pro se*, is an inmate at the Hardeman County Correctional Complex in Whiteville, Tennessee. Because he is a prisoner, the Court is obliged to review his complaint (Docket Entry No.1) "before docketing, if feasible or, in any event, as soon as practicable after docketing," to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

The Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Lawrence County, Tennessee; and William Dorning, Sheriff of Lawrence County; seeking declaratory relief and damages.

In May, 2005, members of the Lawrence County Sheriff's Department executed a warrant to search the Plaintiff's home. During the course of the search, they found prescription medication that did not belong to the Plaintiff. He was then taken into custody and charged with three counts of selling a controlled substance and one count of possessing a controlled substance. Several cars, personal property and a sum of cash

belonging to the Plaintiff were seized during the search.

The following month, the Plaintiff entered into a plea bargain wherein he agreed, among other things, to forfeit the property and cash seized from his residence. The Plaintiff's property was later sold at auction by the Lawrence County Sheriff's Department.

Plaintiff's claims are that his property was illegally seized in violation of the Fourth Amendment claim and because the plea agreement did not contain an express waiver of his right to a hearing prior to the sale and the Order of his conviction does not authorize any seizure, the sale of his property violated his due process rights.

In effect, the Plaintiff's claims challenge the validity of his plea agreement and his judgment of conviction. Heck v. Humphrey, 512 U.S. 477, 486-87 (1994). Thus, his claims are not the proper subject for a § 1983 action. Rather, Plaintiff's claims are more properly addressed in an action for federal habeas corpus relief.

After review of the complaint, the Court concludes that at this time the Plaintiff has failed to state a claim for relief and this action should be dismissed without prejudice to the Plaintiff's underlying claims.

An appropriate order is filed herewith.

WILLIAM J. HAYNES, JR.
United States District Judge
2-28-06